FILED

JUN 10 2020

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  *iL*  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 14-CR-3593-BEN |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 USC SECTION 3582(c)(1)(A)** |
| v. | |
| RODNEY CORRIGAN, | |
| Defendant | |

**THE COURT FINDS** that Defendant, Rodney Corrigan, has satisfied his administrative requirements in connection to his Motion for Compassionate Release.

**THE COURT FURTHER FINDS**, given Defendant's chronic and severe health issues, the resulting increased risk of harm to the Defendant presented by the COVID-19 health crisis, the factors set forth in 18 USC § 3553(a), and the government's non-opposition to Defendant's motion, Defendant has proved to this Court:

1) Extraordinary and compelling reasons warrant a reduction to time served, with a five-year term of supervised release, with the condition that Defendant, while serving that term of supervised release, shall remain within his residence under home-confinement until at least December 23, 2022;

2) Defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

3) Such a reduction is consistent with applicable policy statements issued by the U.S. Sentencing Commission.

**GOOD CAUSE HAVING, THEREFORE, BEEN SHOWN**, this Court grants Defendant Rodney Corrigan's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and:

1) Resentences Defendant to a time-served custodial sentence, effective immediately upon Defendant completing a 14-day quarantine period and obtaining a medical clearance from the Bureau of Prisons that Defendant is not infected with COVID-19;

**THE COURT FURTHER ORDERS**, that upon Defendant's release from custody pursuant to the aforementioned resentencing:

1) That a five-year term of supervised release shall be re-imposed upon the Defendant;

2) That all other previously ordered terms and conditions of supervised release are to remain in full force and effect;

3) That Defendant shall remain within his residence under home confinement until December 23, 2022;

The Court has received information that the Defendant intends to reside in Arizona and that the U.S. Probation Office in Arizona has agreed to supervise Defendant within the District of Arizona. Therefore **THE COURT FURTHER ORDERS**:

1) Defendant is permitted to reside in the District of Arizona under the supervision of the U. S. Probation Office in the District of Arizona;

2) Defendant shall participate in U.S. Probation's Location Monitoring Program while on home-confinement.

3) At the probation officer's discretion, U.S. Probation is free to utilize either the GPS Monitoring System, the Radio Frequency Monitoring System, or the Voice Recognition Monitoring System;

4) Defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the probation officer;

5) Defendant shall follow all the monitoring program rules;

6) Defendant shall pay for all or part of the costs for his participation in the any of the aforementioned monitoring programs - as directed by the Court and/or U.S. Probation; and

7) Defendant, within 72 hours of being released from custody, shall contact and speak with Supervisory United States Probation Officer Jeffrey Short, from the U.S. Probation Office in the District of Arizona ((602) 682-4330), to receive further instructions pertaining to the necessary preparations for the home confinement portion of Defendant's supervised release.

**SO ORDERED.**

Dated: 6/09/2020

HON. ROGER T. BENITEZ
U.S. DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF CALIFORNIA